IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS A. LUCE, JOSEPH R. STACHO, III, DAVID M. RICE, JERRY J. ROBINSON, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC. | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | No. ) ) |
| BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; and JAROD INGEBRIGTSEN, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT IN LAW AND EQUITY

COME NOW the Plaintiffs, NICHOLAS A. LUCE, JOSEPH R. STACHO, III, DAVID M. RICE, JERRY J. ROBINSON, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC., by and through undersigned counsel, and complain of the Defendants, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, and JAROD INGEBRIGTSEN, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, as follows:

1. In Illinois, the ability to exercise one's Second Amendment right to keep and bear arms and bear arms in public for self-defense is conditioned on first obtaining a concealed carry license ("CCL"). 430 ILCS 66/1, *et seq.* Without a CCL, a person may not carry a concealed functional firearm for self-defense purposes in

public; violation constitutes a Class 4 felony; a repeated offense is a Class 2 felony. 720 ILCS 5/24-1.6(d).

2. The Illinois Legislature imposed this statutory scheme that requires a person to submit an application, pay a fee, pass a background check, and undergo 16 hours of training (classroom and live range proficiency) in order to receive a CCL so that the person may carry a concealed firearm for self-defense in public. Unless and until the applicant actually obtains and holds in his or her hand the piece of plastic that is the CCL, the person cannot exercise the fundamental Second Amendment right to carry a concealed firearm in public for self-defense.

3. Undoubtedly recognizing the constitutional imposition the CCL scheme presents, the Illinois legislature required the Illinois State Police ("ISP") to ***either approve or deny*** an application for a CCL card ***within either 90 days*** (if the applicant submits fingerprints with the application) (430 ILCS 66/10(e) ***or within 120 days*** (if the applicant does not submit fingerprints). 430 ILCS 66/30(b)(8). But despite this statutory command, the ISP commonly does *not* approve qualified residents' CCL applications within 90 or 120 days.

4. Instead, the ISP leaves applicants in limbo for months, with residents commonly waiting many additional months to receive a CCL. That has been true for some time, and it has only become worse as applications for CCLs have surged in the past twelve months.

5. And the consequences for delay are neither abstract nor a mere inconvenience; they are a matter of life and death. Sadly, in similar situations,

where the government bureaucracy legislatively empowered to act as a Second Amendment gatekeeper has dithered in processing applications, there have been fatal results.[2]

6. The Illinois residents who are Plaintiffs in this lawsuit have all been waiting longer than 90 or 120 days to receive the CCLs for which they have applied. Many members of the organizational Plaintiffs in this case, the Illinois State Rifle Association ("ISRA") and the Second Amendment Foundation ("SAF"), have also been waiting longer than the required 90 or 120 days to receive the CCLs for which they have applied.

7. Illinois cannot justify completely and indefinitely denying its residents their fundamental Second Amendment right to carry a functional concealed firearm in public to defend their lives and families while they wait for the ISP to approve their CCL applications. Simply put, if the State of Illinois is going to condition the exercise of a fundamental right on the receipt of a license, then the process for issuing that license cannot be defective to the point of being near-inoperable.

8. Plaintiffs have therefore brought this lawsuit to protect their Second Amendment rights, and, in the case of Plaintiffs ISRA and SAF, their members' Second Amendment rights. They ask this Court to (1) declare that the ISP's failure

---

[2] For example, Carol Bowne was stabbed to death outside her Berlin, New Jersey home by an ex-boyfriend while the Berlin Township Chief of Police, the bureaucrat charged with deciding whether Ms. Bowne really needed a pistol for self-defense, processed her application. Ms. Bowne's application specifically stated her fear of death or great bodily harm from the man who ultimately killed her. https://www.fox5dc.com/news/no-one-helped-her-nj-woman-murdered-by-ex-while-awaiting-gun-permit.

to issue CCLs to qualified applicants within the required 90 or 120 days violates the Second and Fourteenth Amendments, (2) order the state to immediately issue CCLs to the individual Plaintiffs and to members of ISRA and SAF who applied for CCLs more than the required 90 or 120 days ago, who have not had their applications approved or denied, or, in the alternative, (3) order the state to immediately process the CCL applications of the individual Plaintiffs and of the members of ISRA and SAF who applied for CCLs more than 90 or 120 days ago, who have not had their applications approved or denied, as well as implement a system whereby the applicants for CCLs in Illinois have their applications processed in a manner that is compliant with Illinois law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 1983 because this action seeks to redress the Defendants' deprivation, under color of state law, of rights protected by the U.S. Constitution.

10. Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this action are harming Plaintiffs in this District.

## PARTIES

### Plaintiffs

11. Plaintiff Nicholas A. Luce is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois. Mr. Robinson has a B.S. in

4

aviation flight management from Lewis University in Romeoville, Illinois. He is currently employed as an air traffic controller in Chicago.

12. Plaintiff Joseph R. Stacho, III, is an individual over 21 years of age who resides in the City of Naperville in DuPage County, Illinois. He has a B.S. in finance and economics from Marquette University, and a law degree from John Marshall Law School. He is currently employed as a business law attorney in a law firm in Naperville.

13. Plaintiff David M. Rice is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois. He has a Bachelor's degree in business from University of Michigan. He is married and has two children. He is employed as a bond trader at an investment firm in Chicago.

14. Plaintiff Jerry J. Robinson is an individual over 21 years of age who resides in the Village of Romeoville in Will County, Illinois. Mr. Robinson is employed as a courier for an international package delivery company in Chicago, Illinois. He has two grown children.

15. The individual Plaintiffs are concerned about being able to properly exercise their right to armed self-defense in public, especially given recent events and the current spate of car-jackings that have plagued Chicago and the collar counties.

16. Plaintiff ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has more than 26,000 members and supporters in Illinois, and many members

outside the State of Illinois. The organizational purposes of ISRA include securing the constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. ISRA brings this action on behalf of itself and its members.

17. ISRA has members who are Illinois residents and have applied for Illinois CCLs but have neither received them, nor had their applications denied for cause, within the 90 or 120 days as state law requires.

18. These ISRA members would carry concealed and functional firearms in public for self-defense in Illinois, but refrain from doing so because they do not wish to be prosecuted for carrying a concealed firearm in public without a CCL.

19. Plaintiff SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes residents of Illinois. SAF has over 650,000 members and supporters nationwide. The organizational purposes of SAF include education, research, publishing, and legal action focusing on the constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

20. SAF has members who are Illinois residents and have applied for Illinois CCLs but have neither received them, nor had their applications denied for cause, within 90 or 120 days as state law requires.

21. These SAF members would carry concealed and functional firearms in public for self-defense in Illinois, but refrain from doing so because they do not wish to be prosecuted for carrying a concealed firearm in public without a CCL.

22. The individual plaintiffs are members of both ISRA and SAF.

**Defendants**

23. Defendant Brendan F. Kelly is the Director of the Illinois State Police ("ISP").

24. The ISP is a department of the executive branch of the State of Illinois created by statute, 20 ILCS 2605/2605-1, *et seq*. Under the Illinois Firearm Concealed Carry Act, 430 ILCS 66/1, *et seq*. ("Act"), the ISP is charged with administering the system for consideration of applications for granting, denying, and/or revoking individual licenses to carry concealed firearms under the Act.

25. Defendant Kelly is the ISP employee directly responsible for the administration of the Act. As such, Defendant Kelly is responsible for the ISP's failure to issue CCLs to Plaintiffs within the required 90 or 120 days of receiving their applications. He is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

26. Jarod Ingebrigtsen is the Bureau Chief of the Firearm Services Bureau ("FSB"), a division of the ISP established to administer programs relating to firearms delegated to the ISP, including under the Act. Having the power to make decisions in these programs, the FSB is an administrative agency of the State of Illinois as defined by 735 ILCS 5/3-101.

27. As Bureau Chief of the FSB, Defendant Ingebrigtsen is directly responsible for the ISP's failure to issue CCLs to Plaintiffs and others within the required 90 or 120 days of receiving their applications. He is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

## FACTS

*Illinois's Concealed Carry License Requirement*

28. Under Illinois law, an individual must obtain a CCL to be allowed to carry a concealed functional firearm in public for self-defense. 430 ILCS 66/20(g); 720 ILCS 5/24-1.6(a)(3)(A-5), (B-5).

29. 430 ILCS 66/10 states, in relevant part:

> (g) A licensee shall possess a license at all times the licensee carries a concealed firearm except:
>
>> (1) when the licensee is carrying or possessing a concealed firearm on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission;
>>
>> (2) when the person is authorized to carry a firearm under Section 24-2 of the Criminal Code of 2012, except subsection (a-5) of that Section; or
>>
>> (3) when the handgun is broken down in a non-functioning state, is not immediately accessible, or is unloaded and enclosed in a case.
>
> …

30. Illinois also provides that "[a]n application for a [concealed carry] license submitted to the Department [of State Police] that contains all the

information and materials required by this Act, including the requisite fee, shall be deemed completed. Except as otherwise provided in this Act, no later than 90 days after receipt of a completed application, the Department shall issue or deny the applicant a license." 430 ILCS 66/10(e).

31. The ISP shall approve a CCL application unless a disqualifying factor listed in the Act (such as a conviction for a misdemeanor involving the use or threat of physical force or violence to any person within the 5 years preceding the date of the license application) applies. *See* 430 ILCS 66/10, 66/25(3-5).

*Illinois's Failure to Timely Issue CCLs*

32. Despite the statutory requirement, the ISP often does *not* approve or deny new CCL applications within 90 or 120 days.

33. Contrary to its statutory duties, the ISP has commonly taken much longer than 90 or 120 days to approve qualified applicants' CCL applications. *See See* Samantha Chatman *IL FOID card, concealed carry license delays leave residents on edge as carjacking cases surge*, ABC Chicago, February 16, 2021.[3]

34. In 2020, violence, looting, and crime have led to a surge in applications for CCLs, and the ISP is still failing to issue CCLs within 90 or 120 days as state law requires.

35. Plaintiff Nicholas A. Luce applied for a CCL on September 12, 2020. He paid an extra $80.00 fee and submitted his fingerprints in order to expedite his

---

[3] https://abc7chicago.com/illinois-foid-card-ccl-gun-chicago-carjacking/10345400/.

application and have it processed within 90 days instead of 120 days. The ISP still has not approved or denied his application.

36. Plaintiff Joseph R. Stacho, III applied for a CCL on September 18, 2020. He paid an extra $80.00 fee and submitted his fingerprints in order to expedite his application and have it processed within 90 days instead of 120 days. The ISP still has not approved or denied his application.

37. Plaintiff David M. Rice applied for a CCL on October 20, 2020. The ISP still has not approved or denied his application.

38. Plaintiff Jerry J. Robinson applied for a CCL on February 13, 2020. The ISP still has not approved or denied his application.

39. None of the individual Plaintiffs is prohibited from obtaining a CCL under the disqualifying factors listed in 430 ILCS 66/25.

40. For a significant amount of time, the ISRA has received reports from its members and supporters of CCL application delays by the Defendants and the ISP.

41. For a significant amount of time, SAF has received reports from its Illinois members and supporters of CCL application delays by the Defendants and the ISP.

42. One cause of Defendants' failure to timely process CCL applications is the State of Illinois's persistent refusal to provide the resources necessary to do so.

43. On September 10, 2019, the State of Illinois Commission on Government Forecasting and Accountability reported that, in the preceding five

years, the ISP had more than $29.5 million swept or transferred away from the State Police Firearms Services Fund, the State Police Operations Assistance Fund, and the State Police Services Fund and into other accounts.

44. That money was to be used for three purposes: background checks for firearm-related services, concealed carry licensing, and administration of the FOID Card Act.

45. Instead, the more than $29.5 million has been subject to interfund transfers, which are ostensibly to be repaid, but which have not been, or has been swept into other accounts with no obligation to reimburse the funds at all.

46. The effect of this has been a systematic slowdown and sometimes halt of the processing of CCL applications under the Act. Even before the state lockdown in response to COVID-19, applicants commonly made many attempts to reach someone at the ISP by phone with no success. In the unlikely event that a person would answer, the applicant is usually told only that his or her case is under review.

*Injury to Plaintiffs*

47. Per 720 ILCS 5/24-1.6(a), a person commits the offense of aggravated unlawful use of a weapon when he or she knowingly possesses a loaded and concealed firearm in public without a CCL. 720 ILCS 5/24-1.6(a)(3)(A-5), (B-5). The offense is classified as a Class 4 felony for a first offense, and a Class 2 felony for any subsequent offense.

11

48. The individual Plaintiffs are each injured by the Defendants' failure to issue them CCLs within 90 or 120 days of receiving their respective applications because this failure has completely deprived them of their right to keep and bear arms and to use a firearm to defend their lives and families in public. But for the Defendants' failure to issue them CCLs, and the criminal penalties listed above, the Plaintiffs would immediately obtain and possess firearms in Illinois.

49. Members of Plaintiffs ISRA and SAF who have applied for, but not timely received, CCLs are injured by the Defendants' failure to issue CCLs within 90 or 120 days of receiving their applications, because this failure has completely deprived them of their right to keep and bear concealed firearms and to use a firearm to defend their lives and families in public. But for the Defendants' failure to issue them CCLs, and the criminal penalties listed above, these individuals would immediately possess concealed firearms in public for self-defense in Illinois.

50. If not permanently enjoined by this Court, Defendants and their agents, representatives, and employees will continue to fail to timely approve CCL applications, which deprive the individual Plaintiffs and the members of Plaintiffs ISRA and SAF of their constitutionally protected right to keep and bear concealed firearms in public for self-defense. Thus, Defendants' challenged practices are now causing and will continue to cause Plaintiffs to suffer irreparable injury, including but not limited to deprivation of their right to keep and bear arms. Plaintiffs have no plain, speedy, and adequate remedy at law for their injuries.

51. An actual and substantial controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties. Plaintiffs contend, pursuant to 42 U.S.C. § 1983, that Defendants' challenged practices violate the Second and Fourteenth Amendments.

### COUNT I: VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### U.S. CONST. AMENDS. II AND XIV, 42 U.S.C. § 1983

52. Plaintiffs incorporate and reallege all of the foregoing Paragraphs as if fully restated herein.

53. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

54. The Second Amendment is "fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

55. The right to keep and bear arms protected by the Second Amendment is a fundamental individual right and includes both the right to possess a firearm for "defense of hearth and home," *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), as well as the right to carry a firearm for self-defense outside the home, *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012).

56. Defendants' failure to comply with their statutory obligation and issue CCLs to Plaintiffs Luce, Stacho, Rice, and Robinson, and to the affected members of Plaintiffs ISRA and SAF, in accordance with the 90 or 120-day legislative command, has completely denied those individuals their constitutionally guaranteed rights to keep and bear arms for self-defense.

57. The Defendants, under color of state law, have deprived and are depriving Plaintiffs Luce, Stacho, Rice, and Robinson, and the affected members of Plaintiffs ISRA and SAF, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution. These individuals were and are thus injured in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of their rights.

## COUNT II: VIOLATION OF RIGHT TO PROCEDURAL DUE PROCESS
## U.S. CONST. AMEND. XIV, 42 U.S.C. §1983

58. Plaintiffs incorporate and reallege all of the foregoing Paragraphs as if fully restated herein.

59. By failing or refusing to timely process their CCL applications, the Defendants have denied Plaintiffs Luce, Stacho, Rice, and Robinson, and the affected members of Plaintiffs ISRA and SAF, their constitutionally guaranteed rights to an objective, prompt, and appealable procedure.

60. Whenever the government requires individuals to obtain a license or permit to exercise a right—especially a fundamental constitutional right—due process demands that: (a) the burden of proof be allocated to the state, not the individual; (b) the applicant be informed of a specific and brief period within which the government will either grant or deny the license or permit; and (c) the licensing or permitting requirement provide a mechanism for prompt judicial review in the event of the erroneous denial of a license. *See Freedman v. Maryland*, 380 U.S. 51, 58 (1965); *Staub v. City of Baxley*, 355 U.S. 313, 322 (1958).

61. Defendants' persistent failure to comply with their statutory obligation and issue CCLs in accordance with the 90 or 120 day legislative command has violated and, unless enjoined by this Court, will continue to violate, the due process rights of Plaintiffs Luce, Stacho, Rice, and Robinson, and the affected members of Plaintiffs ISRA and SAF.

62. Plaintiffs Luce, Stacho, Rice, and Robinson, and the affected members of Plaintiffs ISRA and SAF therefore have been and are being damaged in violation of 42 U.S.C. § 1983.

63. Plaintiffs Luce, Stacho, Rice, and Robinson, and the affected members of Plaintiffs ISRA and SAF therefore are entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of their rights.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and:

A. Declare that Defendants' failure to approve or deny for cause applicants' concealed carry license applications within the required 90 or 120 days violates the Second Amendment;

B. Declare that Defendants have unjustifiably denied Plaintiffs Luce, Stacho, Rice, and Robinson, and the organizational Plaintiffs' affected members, their Second Amendment right to keep and bear arms for self-defense;

    C.    Declare the Defendants' failure to approve or deny for cause qualified applicants' CCL applications within 30 days violates the Due Process Clause of the Fourteenth Amendment;

    D.    Declare that Defendants have unjustifiably denied Plaintiffs Luce, Stacho, Rice, and Robinson, and the organizational Plaintiffs' affected members, their Fourteenth Amendment right to due process;

    E.    Enter an injunction ordering Defendants to immediately issue concealed carry licenses to Plaintiffs Luce, Stacho, Rice, and Robinson, and the organizational Plaintiffs' affected members;

    F.    In the alternative, if Defendants cannot issue applicants' concealed carry licenses within the required 90 or 120 days as the Act requires, enter an injunction against enforcement of the Act until at least such time as Defendants are able to so comply;

    G.    Award damages to Plaintiffs Luce and Stacho in the amounts of the $80.00 fee they paid in order to have the ISP conduct a criminal history records check with their fingerprints, which Luce and Stacho submitted in the vain hope of expediting their CCL applications;

    H.    Award Plaintiffs their attorney's fees and costs, pursuant to 42 U.S.C. § 1988; and

  I.  Award Plaintiffs such other and further relief as it deems just.


Dated: March 5, 2021  Respectfully submitted,

          **NICHOLAS A. LUCE, JOSEPH R. STACHO, III, DAVID M. RICE, JERRY J. ROBINSON, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC.**

          By:  /s/ David G. Sigale
              One of the Attorneys for Plaintiffs

          By:  /s/ Gregory A, Bedell
              One of the Attorneys for Plaintiffs


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

Gregory A. Bedell (Atty. ID# 6189762)
KNABE & BEDELL
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312.977.9119
gbedell@kkbchicago.com

*Attorneys for Plaintiffs*