IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS LUCE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 21 CV 1250 |
| v. | ) | Judge Mary M. Rowland |
| | ) | |
| BRENDAN KELLY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendants, by their attorney Kwame Raoul, Illinois Attorney General, state as follows for their reply in support of their motion to dismiss Plaintiffs' Complaint:

**INTRODUCTION**

Through their motion to dismiss [ECF #11, 12], Defendants argued that the claims asserted by Plaintiffs Nicholas Luce, Joseph Stacho, David Rice, and Jerry Robinson (the "Individual Plaintiffs") should be dismissed as moot because all Individual Plaintiffs have obtained the relief they sought through this suit – namely, their Concealed Carry Licenses ("CCLs"). In response, the Individual Plaintiffs do not dispute that they have received their CCLs, nor do they dispute Defendants' assertion that their claims are moot as a result. [ECF #15 at 4.] Defendants argued that Plaintiffs' claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment. The Individual Plaintiffs also acknowledge the validity of Defendants' assertion of the Eleventh Amendment as a bar against any monetary damages sought through the instant lawsuit. *Id.*

1

Thus, the only remaining issue with regard to Defendants' motion to dismiss is the standing of the Organizational Plaintiffs. In their motion, Defendants demonstrated that the claims asserted by the Illinois State Rifle Association ("ISRA") and the Second Amendment Foundation ("SAF") (the "Organizational Plaintiffs") must also be dismissed, as neither organization has standing to assert claims on behalf of itself or on behalf of its members. The Organizational Plaintiffs, however, argue that they should be permitted to proceed with their claims, as they have established associational standing on behalf of their members, regardless of the fact that none of the named Individual Plaintiffs in this case have live claims. *Id.* at 4-9. This argument fails because the Organizational Plaintiffs have not shown that there is an individual member of their organizations with standing to sue or that this lawsuit is germane to the organizations' interests. As such, the Organizational Plaintiffs cannot establish associational standing and their claims should be dismissed.

## ARGUMENT

I. **The Individual Plaintiffs' claims for injunctive relief are moot, and any claims for monetary relief are barred by the Eleventh Amendment.**

The Individual Plaintiffs do not dispute that all four of them have received the relief they sought through this lawsuit – namely, their CCLs – nor do they advance any arguments contradicting Defendants' position that their claims have consequently been rendered moot. Pl.'s Resp. at 2, 4. The Individual Plaintiffs have thus effectively waived any argument that their claims for injunctive relief are not moot. *See, e.g., Dillard v. Service Employees Intern. Union, Local 73, CTW, CLC*, No. 11 C 3360, 2012 WL 714631, at *2 (N.D. Ill. Mar. 1, 2012) (citing *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) (where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss, his claim has been waived")). Here, Plaintiffs' failure to respond is a sufficient basis to grant

2

Defendants' Motion in and of itself. *See, e.g., Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [plaintiff] forfeited her right to continue litigating her claim"); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.").

Moreover, the two Individual Plaintiffs seeking monetary damages in the form of a return of their $80 expedited processing fee, Plaintiffs Stacho and Luce, concede that the Eleventh Amendment bars those claims. Pl.'s Resp. at 4. Specifically, those Plaintiffs acknowledge that under the Eleventh Amendment, they cannot obtain monetary damages against the State or against state officials in their official capacity. *See Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005) (quotations omitted) (while party may "sue a state officer in his . . . official capacity to enjoin prospective action that would violate federal law," *Ex Parte Young* does not allow "claims for retroactive damages to be paid from a state treasury.").

As such, the four Individual Plaintiffs have conceded that the claims they assert through this lawsuit are nonjusticiable, and Defendants' Motion to Dismiss should be granted as to their claims.

**II.     The Organizational Plaintiffs do not have standing.**

The Individual Plaintiffs concede that their individual claims are moot, and the Organizational Plaintiffs do not argue that they have standing to sue on their own behalf. *See* Pl. Resp. at 5. As such, the Organizational Plaintiffs rely exclusively on associational standing as a basis for continuing this case. Resp. at 4-9. To assert standing on behalf of its members, the Organizational Plaintiffs must allege that "(1) its members would otherwise have standing to sue

in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 928 (7th Cir. 2013). The Organizational Plaintiffs rely on the Court's ruling in *Marszalek v. Kelly*, No. 20-cv-4270, 2021 WL 2350913 (N.D. Ill. June 9, 2021) (Rowland, J.) to show they have associational standing. [ECF # 15 at 5-9.] However, the Organizational Plaintiffs do not allege that they have any members with standing to sue on their own behalf in *this* case; allegations made in a different lawsuit have no relevance to the instant proceeding.

In *Marszalek*, Plaintiffs submitted the affidavits of individual members who personally had not received their Firearm Owners Identification ("FOID") cards within the thirty days required by statute. Here, Plaintiffs rely on the Declarations of Richard Pearson, the Executive Director of the ISRA, and Julianne H. Versnel, the Director of Operations of the SAF, to support their allegations that there are individual members of each organization with standing to bring a claim. [ECF No. 15-1 and 15-2]. However, neither Mr. Pearson nor Ms. Versnel allege that *they* personally have been waiting more than 90 or 120 days to receive a CCL. *Id.* Mr. Pearson and Ms. Versnel's generalized claims about what they have heard from other members does not constitute a "specific allegation[] establishing that at least one identified member ha[s] suffered or would suffer harm." *Marszalek*, 2021 WL 2350913 at *4 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009)). Moreover, Mr. Pearson and Ms. Versnel's vague statements are too speculative to establish that either organization has a member with standing to bring his or her own claim; the claims of the unnamed members' claim mentioned in Mr. Pearson and Ms. Versnel's declarations may also be moot. Plaintiffs' Response states that they could "theoretically amend

4

their Complaint in perpetuity" to establish standing. Pl. Resp. at 6. However, this argument misses the mark, as associational standing requires that there must always be a member with standing to sue. The Organizational Plaintiffs should not be allowed to shirk these requirements because they cannot or will not adequately plead that they have associational standing.

In addition, Plaintiffs have not established the second element necessary for associational standing; they have not plead that the interests they seek to protect relate to the organizations' purposes. *See Milwaukee Police Ass'n*, 708 F.3d at 928. The Organizational Plaintiffs allege that their purpose is to further the "constitutional right to privately own and possess firearms." [ECF No. 1 at ¶¶ 16, 19]. The Organizational Plaintiffs do not allege that their purpose to is limit what background checks can be required to carry a concealed firearm or that background checks should not be required to carry a concealed firearm. [*See* ECF No. 1]. The CCL system does not ban a qualified individual with possessing a firearm in general; rather, it is an administrative delay that controls who can carry a *concealed* firearm in public. The CCL system is designed to promote public safety[1] and is not sufficiently related to the Organizational Plaintiffs' purpose to confer associational standing. Because the Organizational Plaintiffs have not shown that there is an individual member of their organizations with standing to sue, nor that this lawsuit is germane to the organizations' interests, they cannot establish associational standing and their claims should be dismissed.[2]

---

[1] *See, e.g.*, 430 ILCS 66/10 (providing that the Illinois State Police "shall issue a license to carry a concealed firearm" to applicants who meet all qualifications, and "do[] not pose a danger to [themselves] or others, or a threat to public safety as determined by the Concealed Carry Licensing Review Board.").
[2] Even if the Organizational Plaintiffs had standing to bring this lawsuit, they would not be able to state a Second Amendment claim or a Fourteenth Amendment due process claim for the same reasons discussed by this Court in *Marzalek*. *See Marszalek v. Kelly*, Case No. 20-cv-4270, 2021 WL 2350913 (N.D. Ill. June 9, 2021). Indeed, the reasoning in *Marzalek* applies even more forcefully here because Plaintiffs in this case are not prohibited from owning or carrying a firearm, but are only prohibited from carrying a *concealed* firearm in public.

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that this Court grant their motion to dismiss, with prejudice.

Dated: August 10, 2021

Respectfully Submitted,

| | |
|---|---|
| KWAME RAOUL<br>Attorney General of Illinois | /s/ Amanda L. Kozar<br>AMANDA L. KOZAR<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-6534<br>Amanda.Kozar@ilag.gov |