**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Nicholas Luce, et al., | |
| | |
| Plaintiffs, | Case No. 21-cv-1250 |
| | |
| v. | |
| | Judge Mary M. Rowland |
| Brendan Kelly, et al., | |
| | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case arises from the dissatisfaction of Illinois citizens and Second Amendment non-profit organizations with the State of Illinois' speed of adjudicating applications for private citizens to carry concealed weapons. Plaintiffs Nicholas Luce, Joseph Stacho, David Rice, Jerry Robinson, the Illinois State Rifle Association, and the Second Amendment Foundation, Inc. claim that the State of Illinois has violated their Second and Fourteenth Amendment rights by failing to issue their concealed weapon licenses within statutorily-set time periods and sue for injunctive, declaratory, and monetary relief. Defendants Brandan F. Kelly, the Director of the Illinois State Police, and Jacob Ingebrigsten, the Bureau Chief of the Firearm Services Bureau, move to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [11]. For the reasons explained below, this Court grants in part and denies in part their motion.

1

## I.  Background

This Court accepts as true the following allegations from the complaint. *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 307 (7th Cir. 2021).

Plaintiffs Nicholas Luce, Joseph Stacho, David Rice, and Jerry Robinson are all individuals living in Illinois.  [1] ¶¶ 11–14.  They are joined in this lawsuit by Plaintiff Illinois State Rifle Association (ISRA), a non-profit organization, whose organizational purposes include "securing the constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation," *id.* ¶ 16, and by Plaintiff Second Amendment Foundation, Inc. (SAF), another non-profit focused upon the "constitutional right privately to own and possess firearms," *id.* ¶ 19.

Defendant Brendan F. Kelly serves as the Director of the Illinois State Police (ISP), the state agency charged with administering the determination of applications for individual licenses to carry concealed firearms in Illinois.  *Id.* ¶¶ 21–22.  The other Defendant, Jacob Ingebrigsten, acts as the Bureau Chief of the Firearm Services Bureau (FSB), a division of ISP.  *Id.* ¶ 26.  Plaintiffs sue Kelly and Ingebrigsten in their official capacities.  *Id.* ¶¶ 25, 27.

In Illinois, an individual must obtain a concealed carry license (CCL) to carry a concealed functional firearm in public for self-defense.  *Id.* ¶ 28; *see White v. Ill. State Police*, 15 F.4th 801, 804 (7th Cir. 2021) ("Illinois's Firearm Concealed Carry Act creates a scheme for licensing individuals to carry concealed firearms in public.").

Under Illinois law, the ISP must approve a CCL application when an applicant meets the statutory criteria—namely, he must be twenty-one or older, trained to handle firearms, eligible to possess a firearm under state and federal law, not subject to any pending proceedings that could disqualify him from possessing a firearm, and free of certain types of substance abuse treatment and criminal convictions within the past five years. [1] ¶ 31; *see also White*, 15 F.4th at 804 (citing 430 Ill. Comp. Stat. §§ 66/10(a), 66/25). The law also requires the ISP to approve or deny a CCL application within either ninety days (if the applicant submits fingerprints with the application) or within one hundred twenty days (if the application does not include fingerprints). [1] ¶ 3; *see* 420 Ill. Comp. Stat. §§ 66/10(e), 66/30(b)(8).

The individual Plaintiffs claim that they meet all statutory criteria for obtaining a CCL, but that Defendants failed to issue them CCLs within ninety or one hundred twenty days of receiving their applications; as of the date they filed their complaint, Plaintiffs still had not received their licenses. [1] ¶¶ 39, 48. Two of the individual Plaintiffs—Luce and Stacho—additionally paid an $80.00 fee and submitted fingerprints to expedite their applications. *Id.* ¶¶ 35–36. Plaintiffs claim that the ISP commonly fails to approve CCL applications within ninety or one hundred twenty days, as required under the law. *Id.* ¶ 3.

On March 5, 2021, Plaintiffs brought claims under 42 U.S.C. § 1983 for violations of their Second and Fourteenth Amendment rights (Counts I and II). In their complaint, Plaintiffs requested a declaratory judgment stating that Defendants violated their constitutional rights; prospective injunctive relief ordering Defendants

to issue CCLs to the individual Plaintiffs and other organizational members with overdue applications; and damages to Luce and Stacho for expending $80.00 each to expedite their applications. [1] (request for relief).

After the filing of the complaint in March 2021, all of the named individual Plaintiffs received their CCLs. [12-1] ¶¶ 3–6. The organizational Plaintiffs, however, insist that other of their members continue to await overdue adjudications of their CCL applications. Richard Pearson, the Executive Director of ISRA, submitted a declaration attesting that he knows of the following members sitting on overdue applications: a forty-five year-old Cook County resident who applied in February 2021; a forty-seven year-old Kane County resident who applied in March 2021 with fingerprints; a sixty year-old Boone County resident who applied in early June 2020; and a thirty-nine year-old Vermilion County resident who applies in February 2021 with fingerprints. [15-1] ¶¶ 1–2, 7–10. The Director of Operations for SAF, Julianne Versnel, also submitted a declaration. [15-2] ¶¶ 1–2. Versnel asserts that she knows of a forty-five year-old Cook County resident and SAF member who applied for a CCL in February 2021 but has yet to receive an adjudication. *Id.* ¶ 6.

Defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing that the individual Plaintiffs' requests for injunctive and declaratory relief are moot, the Eleventh Amendment bars Luce and Stacho's request for money damages, and the organizational Plaintiffs lack Article III standing. [11].

4

## II.    Legal Standard

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

To survive a motion to dismiss under Rule 12(b)(6), the claim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all permissible inferences in the pleading party's favor. *Degroot v. Client Servs., Inc.*, 977 F.3d 656, 659 (7th Cir. 2020). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Rule 12(b)(1), like Rule 12(b)(6), requires this Court to construe Plaintiffs' complaint in the light most favorable to Plaintiffs, accept as true all well-pleaded facts, and draw reasonable inferences in their favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Courts evaluating Rule 12(b)(1) motions may look beyond the complaint to consider whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Silha*, 807 F.3d at 173 (noting that a court "may look

beyond the pleadings and view any evidence submitted" when reviewing a challenge that there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient).

## III.    Analysis

Defendants have moved to dismiss the individual Plaintiffs and organizational Plaintiffs on different grounds, so this Court's analysis proceeds separately as to the two groups.

### A.    The Individual Plaintiffs' Claims

Starting with the individual Plaintiffs, there remains little dispute among the parties that the individual Plaintiffs' claims fail to survive this motion to dismiss.

First, the parties do not seriously dispute that the individual Plaintiffs' requests for declaratory and injunctive relief became moot when the ISP issued them CCLs. *See* [15] at 4; [20] at 2. Article III of the Constitution limits federal judicial jurisdiction to the adjudication of live "cases" and "controversies." *Cook County v. Wolf*, 962 F.3d 208, 218 (7th Cir. 2020) (quoting U.S. Const. art. III, § 2, cl. 1), *cert. dismissed sub nom. Mayorkas v. Cook County*, 141 S. Ct. 1292 (2021). A court loses jurisdiction when a party's claim becomes moot, or in other words, when it "is impossible for a court to grant any effectual relief whatever to the prevailing party." *E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021) (quoting *Trinity 83 Dev., LLC v. ColFin Midwest Funding, LLC*, 917 F.3d 599, 601–02 (7th Cir. 2019)). Because Defendants have granted Plaintiffs their CCLs, it is impossible for this Court to grant "any effectual" prospective injunctive or declaratory relief. *See id.* at 963 (holding

that the plaintiff's habeas petition is moot "because it seeks to enjoin DHS from executing her removal order while her VAWA petition is pending, but that petition has now been approved"); *see also Swanigan v. City of Chicago*, 881 F.3d 577, 583 & n.2 (7th Cir. 2018) (noting that claims for injunctive and declaratory relief require "ongoing or impending harm") (citing *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989)); *see also, e.g.*, *Sawyer v. Vivint, Inc.*, No. 14 C 8959, 2015 WL 3420615, at *3 (N.D. Ill. May 28, 2015) (concluding that plaintiffs could not seek "declaratory and injunctive relief" for past "'exposure to illegal conduct'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).

The individual Plaintiffs also concede the dismissal of their request for money damages. [15] at 4. The Eleventh Amendment states that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Practically, the Eleventh Amendment forecloses suits against states and their officials for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69–71 (1989); *Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016); *see also, e.g.*, *Pearson v. Pritzker*, No. 20-CV-02888, 2021 WL 1121086, at *4 (N.D. Ill. Mar. 24, 2021) (holding that the Eleventh Amendment barred a claim for money damages against Governor Pritzker in his official capacity).

In short, the individual Plaintiffs' requests for injunctive and declaratory relief are moot because this Court can no longer afford them any effectual relief, and the

Eleventh Amendment bars their claim for money damages. Accordingly, this Court dismisses the individual Plaintiffs from this suit.

### B.    Associational Standing

With the individual Plaintiffs' claims out of the way, the slightly more contentious question becomes whether ISRA and SAF possess Article III standing to maintain this lawsuit.

To establish a justiciable case or controversy under Article III, the party invoking federal jurisdiction must possess standing to sue. *Cook County*, 962 F.3d at 218. Standing requires (1) an injury in fact (2) caused by the defendants' conduct and (3) redressable by a favorable decision. *Woodring v. Jackson County*, 986 F.3d 979, 984 (7th Cir. 2021). Generally, organizations like ISRA and SAF "may have standing to sue either on their own behalf or on behalf of their members." *White*, 15 F.4th at 807.

Here, neither ISRA nor SAF possesses standing to sue on its own behalf because they do not allege injuries to themselves or request any relief. *Id.*; *see also Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 927 (7th Cir. 2013) (holding that alleging injuries to an organization's members remain insufficient to establish standing on an organization's own behalf); *see* [15] at 4–9 (asserting only associational standing). Rather, they assert associational standing which "allows an organization to sue on behalf of its members 'even without a showing of injury to the association itself.'" *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1008 (7th Cir. 2021) (quoting *United Food &*

*Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 552 (1996)). To establish associational standing, ISRA and SAF must demonstrate that: (1) at least one of its members possesses standing to sue in his or her own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) "neither the claim asserted nor the relief requested requires the participation of individual members." *Id.* (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)); *see Shakman v. Clerk of Cook Cty.*, 994 F.3d 832, 840 (7th Cir. 2021).

With those elements in mind, this Court evaluates whether ISRA *or* SAF has sufficiently established associational standing. *See Ezell v. City of Chicago*, 651 F.3d 684, 696 (7th Cir. 2011) ("Where at least one plaintiff has standing, jurisdiction is secure and the court will adjudicate the case whether the additional plaintiffs have standing or not.").

### 1. Standing of At Least One Member

The parties dispute whether ISRA or SAF has established the standing of at least one of its members. As discussed above, the four named Plaintiffs—Nicholas Luce, Joseph Stacho, David Rice, and Jerry Robinson—do not possess any live claims: their receipt of CCL cards mooted their requests for injunctive and declaratory relief, and they concede the Eleventh Amendment forecloses their damages request. *See Swanigan*, 881 F.3d at 583 & n.2; [15] at 4.

Even without those individuals, ISRA and SAF maintains that they still possess associational standing because other members of their organizations have

9

standing to sue. [15] at 5. To that end, both organizations have produced declarations describing—without naming—members who await overdue adjudications of their CCL licenses. [15-1]; [15-2]. The declarations identify, by age and county of residence, members of their organizations who currently await their CCL licenses which are overdue for adjudication. *Id.*

Defendants argue that Plaintiffs' failure to name and more specifically identify these members render their standing assertions too vague to survive a motion to dismiss. [20] at 4–5. True, "standing for at least one individual members remains an essential component of associational standing." *Prairie Rivers Network*, 2 F.4th at 1011; *see also White*, 15 F.4th at 807 (concluding that ISRA failed to establish associational standing because it neither identified any members nor explained how one affected member possesses standing). To date, however, the Seventh Circuit has not required organizations to name individual members who possess standing. Indeed, the court of appeals has "noted that the requirement for an individual member to have standing 'still allows for the member on whose behalf the suit is filed to remain unnamed by the organization.'" *Prairie Rivers Network*, 2 F.4th at 1011 (quoting *Disability Rts. Wis., Inc. v. Walworth Cty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008)). Accordingly, this Court concludes that the organizations' identification of members, by age and county of residence, suffices at the pleadings stage to establish member standing. *See Marszalek v. Kelly*, No. 20-CV-04270, 2021 WL 2350913, at *4 (N.D. Ill. June 9, 2021); *Thomas v. Kelly*, No. 20-CV-0734, 2021 WL 2350931, at *7 (N.D. Ill. June 9, 2021).

### 2. Germane to Organizational Interests

The parties also dispute whether ISRA and SAF have established, for pleading purposes, that the interests they seek to protect relate to the organizations' purposes. [20] at 5. This court concludes that they have. ISRA and SAF both claim that their organizational purposes include securing "the constitutional right to privately own and possess firearms." [1] ¶¶ 16, 19. Defendants argue that the organizational purposes do not specifically align with the relief they seek here; according to Defendants, Plaintiffs should have more granularly alleged that their purpose "is [to] limit what background checks can be required to carry a concealed firearm or that background checks should not be required to carry a concealed firearm." [20] at 5.

This Court sees no reason to require such granular pleading. Plaintiffs' stated organizational purposes—securing private citizens' constitutional rights to possess firearms—sufficiently overlaps with the rights they seek to vindicate in this suit: timely adjudications of the rights of their members to carry concealed firearms. [20] at 5. Surely, the interest in protecting the right to possess firearms encompasses the right to carry concealed firearms. Plaintiffs have therefore sufficiently established that the interests they seek to protect in this lawsuit are germane to their organizational interests. *Speech First, Inc. v. Killeen*, 968 F.3d 628, 638 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (Sept. 4, 2020).

### 3. No Required Participation of Members

Finally, Defendants do not dispute that this litigation requires participation of individual members. ISRA and SAF request injunctive and declaratory relief based

11

upon constitutional violations, and neither the claims nor requests for relief require proof of individual damages or participation of their members. *See Shakman v. Clerk of Cook Cty.*, 994 F.3d 832, 841 (7th Cir. 2021); *see also Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 603 (7th Cir. 1993) ("Declaratory, injunctive, or other prospective relief will usually inure to the benefit of the members actually injured and thus individualized proof of damages is often unnecessary."). Plaintiffs have sufficiently demonstrated that the third prong to associational standing exists.

In sum, ISRA and SAF have established the three prongs necessary to demonstrate associational standing at the pleadings stage. This Court therefore denies Defendants' motion to the extent based upon dismissal of these Plaintiffs for lack of standing.

## IV. Conclusion

For the reasons explained above, this Court grants in part and denies in part Defendants' motion to dismiss [11]. The individual Plaintiffs—Luce, Stacho, Rice, and Robinson—are hereby dismissed; their requests for injunctive and declaratory relief are moot and the Eleventh Amendment bars their request for money damages. The organizational Plaintiffs—ISRA and SAF—remain in this suit, as they have established Article III standing at the pleadings stage. Defendants are directed to answer the complaint by February 11, 2022.

12

E N T E R:

Dated: January 24, 2022

_____
MARY M. ROWLAND
United States District Judge