IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS A. LUCE, JOSEPH R. STACHO, III, DAVID M. RICE, JERRY J. ROBINSON, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC. | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 1:21 CV 1250 |
| v. | ) ) | |
| BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; and GREGORY HACKER, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### JOINT STATUS REPORT

The Plaintiffs, Illinois State Rifle Association, and Second Amendment Foundation, Inc., and the Defendants, Illinois State Police, Brendan F. Kelly, in his official capacity as Director of the Illinois State Police, and Gregory Hacker, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, by and through their respective undersigned counsel, submit this Joint Status Report:

### I. Nature of the Case

A. The Plaintiffs are represented by David G. Sigale (lead) and Gregory A. Bedell. The Defendants are represented by Amanda L. Kozar and Mary A. Johnston.

B. The basis for federal jurisdiction is 28 U.S.C. §§ 1331, 1343, 2201 and

1

2202, and 42 U.S.C. §1983, in that this action seeks to redress the alleged deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

    C.    Plaintiff allege violations of their Second Amendment and Fourteenth Amendment procedural due process rights due to the Defendants' administration of the application process for the Firearm Concealed Carry Act ("FCCA") (430 ILCS 66/10(e), 30(b)(8)). Plaintiffs seek declaratory, injunctive, and compensatory relief. Plaintiffs also are making a 42 U.S.C. § 1988 claim.

    D.    The major legal and factual issues anticipated in the case are the administration of the CCL application system by the Defendants and their employees/subordinates, and whether the CCL application process, and the administration thereof, violate the Plaintiffs' Second and Fourteenth Amendment rights.

    E.    All Defendants have been served. Plaintiffs filed their Complaint on March 5, 2021, and Defendants received leave to Court to file an Answer on February 21, 2022 (extended with agreement of Plaintiffs to February 22, 2022, which was requested because February 21, 2022 is a federal holiday).

## II. Discovery and Case Plan

    A.    The Plaintiffs shall propound F.R. Civ. P. 33 Interrogatories and F.R. Civ. P. 34 Document Requests by March 18, 2022. The parties also anticipate the

taking of depositions.

    B.    The parties anticipate: (1) the first-set of written discovery requests to be issued as noted above; (2) fact discovery completion on September 30, 2022.

    C.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony), will be October 31, 2022 for disclosure of Plaintiffs' expert report, November 30, 2022 for the deposing of Plaintiff's expert, January 31, 2021 for disclosure of Defendants' expert report, February 28, 2023 for the deposing of Defendants' expert. The "extra" time in December and January is for the typical delays encountered during the holiday season.

    D.    There are no currently-pending motions. Plaintiffs anticipate motions for summary judgment, and to resolve discovery disputes, if any.

    E.    The parties agree to service of pleadings and other papers by electronic means under F.R. Civ. P. 5(b)(2)(E).

## III. Trial

    A.    Plaintiffs do not demand a jury. Should the case progress to trial, defendants do demand a jury.

    B.    The parties anticipate being ready for trial by March 31, 2023.

    C.    The estimated length of trial is 7 days.

## IV. Consent and Settlement Discussions

    A.    The parties do not unanimously consent to proceed before the Magistrate Judge.

B.    No settlement discussions have occurred.

C.    The parties do not request a settlement conference at this time.

Dated: February 18, 2022                                       Respectfully submitted,

| Attorneys for Plaintiffs<br>Illinois State Rifle Association, and<br>Second Amendment Foundation, Inc. | Attorneys for Defendants<br>Illinois State Police, Brendan F. Kelly,<br>and Gregory Hacker |
|---|---|
| /s/ David G. Sigale<br>David G. Sigale (Atty. ID # 6238103)<br>Law Firm of David G. Sigale, P.C.<br>430 West Roosevelt Road<br>Wheaton, IL 60187<br>630.452.4547<br>dsigale@sigalelaw.com | /s/ Mary A. Johnston<br>Mary A. Johnston (Atty. ID# 6320865)<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, IL 60601<br>(312) 721-8734<br>Mary.Johnston@ilag.gov |
| /s/ Gregory A. Bedell<br>Gregory A. Bedell (Atty. ID# 6189762)<br>Knabe & Bedell<br>33 North Dearborn Street<br>10th Floor<br>Chicago, Illinois 60602<br>312.977.9119<br>gbedell@kkbchicago.com | /s/ Amanda L. Kozar<br>Amanda L. Kozar (Atty. ID# 6324190)<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, IL 60601<br>(312) 721-6534<br>Amanda.Kozar@ilag.gov |