IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS A. LUCE, JOSEPH R. STACHO, III, DAVID M. RICE, JERRY J. ROBINSON, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; and GREGORY HACKER, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau,<br><br>Defendants. | No. 1:21 CV 1250 |

## STIPULATION OF DISMISSAL

The parties to this action, though their respective attorneys of record, stipulate and agree as follows:

1. Pursuant to this Court's orders, counsel for Plaintiffs and Defendants met and conferred regarding the State's recent changes to its Concealed Carry License (CCL) application process.

2. Defendants have provided a Declaration by Lt. Jeffrey Yenchko, Bureau Chief of the Illinois State Police's Firearms Services Bureau (FSB) which details those changes. A true and correct copy of that Declaration is attached hereto and incorporated herein as Exhibit 1.

3. That Declaration attests to the elimination of the backlog in the processing of CCL applications which formed the basis for the Complaint in this

1

case, as well as improvements in the State's resources for processing CCL applications in the future.

4. Based on these developments, and the improvements in the CCL application process by the Defendants, the Plaintiffs stipulate to the voluntary dismissal of this case, with each side to bear its own costs.

Dated: November 10, 2022  Respectfully submitted,

| Attorneys for Plaintiffs<br>Illinois State Rifle Association, and<br>Second Amendment Foundation, Inc. | Attorneys for Defendants<br>Illinois State Police, Brendan F. Kelly,<br>and Gregory Hacker |
|---|---|

/s/ David G. Sigale
David G. Sigale (Atty. ID # 6238103)
Law Firm of David G. Sigale, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

/s/ Mary A. Johnston
Mary A. Johnston (Atty. ID# 6320865)
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, IL 60601
(312) 721-8734
Mary.Johnston@ilag.gov

/s/ Gregory A. Bedell
Gregory A. Bedell (Atty. ID# 6189762)
Knabe & Bedell
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312.977.9119
gbedell@kkbchicago.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS LUCE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 21 CV 1250 |
| v. ) | Judge Mary M. Rowland |
| ) | |
| BRENDAN KELLY, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF LIEUTENANT JEFFREY YENCHKO**

I, Lieutenant Jeffrey Yenchko, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am the Bureau Chief of the Firearms Services Bureau ("FSB") of the Illinois State Police ("ISP").

2. Part of my responsibilities include assisting with the supervision of the FSB including, but not limited to, implementing strategies to increase productivity, overseeing employee training, and overseeing the processing of applications for Concealed Carry Licenses ("CCL").

3. Pursuant to the Firearm Owners Identification Card Act, new CCL card applications, with certain exceptions, must be approved or denied within 90 days if the applicant provides a set of fingerprints (430 ILCS 66/10(e)) or 120 days if the applicant does not provide a set of fingerprints (430 ILCS 66/30(b)(8)).

4. In the past there was a backlog of CCL card applications, and the FSB was routinely unable to process new CCL card applications within 90 days. However, this backlog was eliminated at the end of 2021.

1

5. From January 2022 through September 2022, the average processing time for fingerprint CCL applications has been 82 days and the average processing time for non-fingerprint CCL applications has been 113 days. *See* isp.illinois.gov/FOID.

6. In addition to eliminating the backlog of pending new CCL applications, the FSB has implemented measures to ensure that the backlog does not return. There have also been legislative changes that will reduce the number of renewal and/or re-issued CCLs that must be processed by the FSB.

7. Since 2020, the FSB has hired 27 new full-time analysts to process Firearm Owner Identification ("FOID") cards and CCL applications. This was approximately a 53% increase in analysts.

8. These analysts are responsible for processing FOID cards and CCLs and, as such, any improvements to the productivity in processing either FOID card applications or CCLs directly impacts the productivity of the FSB analysts.

9. The FSB has updated its current computer system and software to increase the efficiency of each FSB analyst.

10. The FSB is working with its current vendor to enhance its capabilities in order to handle the volume of FOID card CCL applications received by the FSB.

11. These procedural changes at FSB have been implemented with the goal of long-term sustainability to avoid a backlog of either FOID card or CCL applications in the future.

12. In addition to the increase in analysts, the updates in FSB's current procedures to increase the efficiency of processing FOID card and CCL applications and the plans to create new software to further increase the processing of FOID card and CCL applications.

13. Specifically, if an individual has both a FOID card and a CCL and their FOID card expires while they still have a valid CCL, their FOID card will automatically be renewed for the period of the valid CCL unless the ISP has reason to believe the individual is no longer eligible for a FOID card. *See* 430 ILCS 65/7(c). This change will significantly reduce the number of FOID application renewals, as there are approximately 450,000 CCL holders that necessarily have a FOID card. 430 ILCS 66/25(2). As such, the FSB analysts' workload will be reduced, allowing them to focus on other applications, including CCL applications.

14. Further, in the past the FSB had to initiate a new application process if a FOID card holder needed a new card because of a change of address or loss, destruction, or theft of a FOID card. Now, the FSB can reissue FOID cards based on the information available in the Secretary of State's database if a FOID card holder needs to change the address on their card or receive a new card due to loss, destruction, or theft of the original card. *See* 430 ILCS 65/13.2. These updates to the system reduce the FSB analysts' workload, allowing them to focus on CCL applications.

15. Finally, beginning on January 1, 2023, FOID cards will be automatically renewed for individuals that have a set of qualifying fingerprints on file with the ISP. *See* 430 ILCS 65/3.1(b-5).

16. The changes in FSB procedures and the FOID Card Act reduce redundancies in how FOID card applications are processed which increases productivity of FSB analysts and allows them to process more FOID card and CCL applications.

Pursuant to 28 U.S. Code § 1756, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge and belief.

Date: 11-3-2022

Jeffrey Yenchko

4